"O"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

JUDY O. KENNEDY,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of the Social Security Administration,

Defendant.

Case No. EDCV 04-1120-MLG

MEMORANDUM OPINION AND ORDER

Plaintiff Judy Kennedy seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq.* For the reasons stated below, the Commissioner's decision shall be reversed and the matter shall be remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

//

//

**I. Background**

Plaintiff was born on September 11, 1950 and was fifty-two years old at the time of her administrative hearing. She has a high school education and some vocational training in nursing. Plaintiff has worked as a nurse's aide, medical ward clerk, cashier, bakery manager, and grocery store stocker. (Administrative Record "AR" at 15.) She last worked in 1999 as an in-home health care provider for her mother. She alleges that she became disabled in September 1999, due to depression and knee, back, hip and shoulder pain. (AR at 15, 206.)

Plaintiff filed her application for benefits on October 5, 2000. (Joint Stipulation "JS" at 2.) Her application was denied initially and upon reconsideration. (JS at 2.) Plaintiff timely requested a de novo hearing, which was held on August 27, 2002 before Administrative Law Judge ("ALJ") Helen E. Hesse. (AR at 194-224.)

Plaintiff; Thomas Ware, her husband; Dr. Samuel Landau, a medical expert; and Roxanne Minkus, a vocational expert; testified at the hearing. Plaintiff lives with her husband and two teenage sons. (AR at 198.) Plaintiff testified that she suffers from chronic knee, back, hip and arm pain. (AR at 201-02.) She stated that her husband does most of the household chores. (AR at 203.) She testified that her depression and pain medication make her drowsy and unable to concentrate. (AR at 202-03.) Plaintiff's husband, Thomas Ward, also testified that Plaintiff suffered from pain, depression, low energy, and impaired ability to concentrate. (AR at 206.) He stated that Plaintiff often cries, is forgetful, and takes regular naps. (AR at 205-06.)

Dr. Landau summarized the medical evidence. (AR at 209.) He testified that Plaintiff suffers from degenerative arthritis of the right knee, chronic lumbosacral sprain and strain, obesity, varicose

veins, and left elbow pain. (AR at 209.) In Dr. Landau's opinion, Plaintiff is not disabled and is able to lift ten pounds regularly and twenty occasionally, stand or walk for two hours out of an eight hour day, and sit for six hours out of an eight hour day. (AR at 211.)

Roxanne Minkus, the vocational expert, testified that a hypothetical person restricted to work at the light exertional level would be able to perform Plaintiff's past relevant work as a medical ward clerk.[1] (AR at 222.) In response to a question by Plaintiff's counsel, she testified that breaks totaling one hour a day would likely preclude any type of occupation. (AR at 223.)

In a decision issued September 25, 2002,[2] the ALJ denied Plaintiff's disability application. (AR at 14.) The ALJ determined that Plaintiff suffers from the severe medical impairments of degenerative arthritis of the right knee, left elbow tendonitis, chronic lumbosacral strain, obesity, and varicose veins. (AR at 17.) The ALJ found that Plaintiff retains the following residual functional capacity:

> lift and carry twenty pounds occasionally, and ten pounds frequently; stand and walk two hours out of an eight-hour workday; sit six hours out of an eight-hour workday; occasionally push and pull with the left upper extremity; and less than occasionally push and pull with the right lower extremity.

---

[1] This position is mostly clerical and, as Plaintiff performed it, consisted of computer work, taking vital signs, retrieving charts, and making appointments. (AR at 84.)

[2] The decision is dated August 24, 2002. However, this date is obviously incorrect since the hearing took place on August 27, 2002. According to the Appeals Council, the ALJ's decision was issued on September 25, 2002. (AR at 4.)

(AR at 19.) The ALJ determined that Plaintiff could perform her past relevant work as a medical ward clerk. (AR at 19.)

The Appeals Council denied Plaintiff's request for review on July 7, 2004. (AR at 4-6.) Plaintiff commenced this action for judicial review on September 6, 2004. On August 1, 2005, the parties filed a Joint Stipulation of disputed issues. Plaintiff asserts that the ALJ erred by: (1) improperly rejecting the testimony of her husband, (2) improperly rejecting the opinion of Plaintiff's treating physician, and (3) failing to consider the side effects of Plaintiff's pain medication. (JS at 3.) Plaintiff seeks reversal of the Commissioner's decision and remand for payment of benefits or a new hearing. (JS at 12.) Defendant requests that the ALJ's decision be affirmed. (JS at 12.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support

either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

**III. Discussion**

**A. The ALJ's Erred in Rejecting the Testimony of Plaintiff's Husband.**

Plaintiff contends that the ALJ erred in rejecting the credibility of her husband, Thomas Ward, who testified at Plaintiff's disability hearing. (JS at 3-4.) The ALJ summarized Ward's testimony as follows:

> The claimant's spouse testified, saying that the claimant often sits because of pain, takes significant amounts of pain killer medication, and drinks a little bit more alcohol than she should. He also said that the claimant cries a lot, has problems with her memory, has reduced energy, and takes naps during the day.

(AR at 17.)

Ward, as a non-medical source, is a lay witness who can provide probative testimony about Plaintiff's symptoms and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Appropriate reasons include testimony unsupported by the medical record or other evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

Here, the ALJ not only failed to provide an adequate reason for rejecting Ward's testimony, he failed to provide any reason. He did not

mention Ward other than summarizing his testimony. (AR at 17.) Although it is arguable whether Ward's testimony about Plaintiff's physical limitations differs significantly from the residual functional capacity the ALJ ultimately assigned, Ward's statements about Plaintiff's mental limitations were clearly not encompassed in the ALJ's findings. The ALJ found that Plaintiff's depression was not a severe impairment. (AR at 18.) Given that the threshold of showing that an impairment is severe is minimal, *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), the ALJ's failure to discuss the reasons for her rejection of Ward's testimony, which described a more than minimal emotional impairment, was error.

**B. The ALJ Did Not Err in Her Rejection of Plaintiff's Physician's Opinion.**

Plaintiff contends that the ALJ erroneously rejected the opinion of her treating physician, Dr. Thomas Jackson, that she is disabled. (JS at 6.) On September 27, 2001, Dr. Jackson signed a form indicating that Plaintiff was temporarily disabled and unable to work until July 1, 2002. (AR at 184.) He attributed her disability to a neoplasm[3] in the right knee with a possible cancer diagnosis, and lumbar spondylolisthesis.[4] (AR at 184.) He stated that "patient is unable to stand, sit or walk for any time - she is limited in lifting and the right knee has a neoplasm by the MRI done." (AR at 184.)

\\

---

[3] A neoplasm is a tumor. Stedman's Medical Dictionary 1189 (27th ed. 2000).

[4] Spondylolisthesis is the "forward movement of the body of one of the lower lumbar vertebrae on the vertebra below it, or upon the sacrum." *Id.* at 1678.

The opinions of treating physicians are ordinarily to be given greater weight than the opinions of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well supported and not inconsistent with other substantial evidence. Soc. Sec. Ruling 96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Even when not controlling, a treating physician's opinion is entitled to deference unless there are specific and legitimate reasons, supported by substantial evidence in the record, for its rejection. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995)).

Assuming that Dr. Jackson's opinion of Plaintiff's temporary disability is evidence relevant to the ALJ's determination of her permanent disability, the ALJ provided adequate reasons for rejecting Dr. Jackson's opinion. The ALJ stated that "the treating physician's statement of September 27, 2001 indicates that the finding of disability was only temporary and related to a finding of a probable right knee neoplasm, which has been ruled out." (AR at 18.) The neoplasm was determined to be benign on August 29, 2001. (AR at 185.) Plaintiff contends the ALJ erred by not addressing the other basis for Dr. Jackson's finding of temporary disability, Plaintiff's back pain. (JS at 9.) Although the ALJ did not explicitly address that finding, she provided specific and legitimate reasons for rejecting Dr. Jackson's opinion:

> To the extent that [the limited functional findings] are interpreted to mean that she cannot perform any work on a sustained basis, the medical evidence of record does not

support them and are in fact inconsistent with the level of treatment provided and the severity of the symptoms reported to the treating sources.

(AR at 17-18.) The ALJ did not err in rejecting Dr. Jackson's opinion of Plaintiff's temporary disability in making the disability determination.

**C. The ALJ Erred In Failing to Consider the Side Effects of Plaintiff's Medication.**

Plaintiff next contends that the ALJ erred by failing to consider the side effects of her pain medication. (JS at 10.) Plaintiff takes Vicodin, Motrin, and Tylenol for pain. At the hearing she testified that the Vicodin causes drowsiness. (AR at 203.) The medical expert, Dr. Landau, testified that fatigue and impaired concentration were expected side effects of Vicodin. (AR at 211.)

The ALJ must consider all symptoms when determining whether a claimant is disabled. 20 C.F.R. § 404.1529(a); AR at 17. This includes side effects from medication. *Erickson v. Shalala*, 9 F.3d 813, 817-18 (9th Cir. 1993); *Varney v. Sec'y of Health and Human Svcs.*, 846 F.2d 581, 585-86 (9th Cir. 1988), *relief modified*, 859 F.2d 1396 (9th Cir. 1988), *superseded on other grounds by* 42 U.S.C. § 423(d)(5)(A) ; *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985); *but see Osenbrook v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) (finding drowsiness not a significant enough limitation to be including in hypothetical to vocational expert). The court's analysis of an ALJ's rejection of a claim of limitation resulting from the side effects of medication should be similar to that involving rejection of allegations of pain: once a claimant has produced objective medical evidence that she uses medications that have recognized side effects, the ALJ may reject

subjective testimony relating to the effects of that medication only by offering specific clear and convincing reasons for doing so. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the vocational expert stated that fatigue and impaired concentration were normal side effects of Vicodin. (AR at 211.) However, in her decision, the ALJ failed to take into account those side effects that Plaintiff experienced from her medications. The ALJ was at least obligated to acknowledge the side effects and assess how they affected Plaintiff's ability to work. 20 C.F.R. § 404.1529(a). Failure to do so was error.

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179; *see also Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand is appropriate when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

Here, there are outstanding issues that must be resolved before a determination of disability can be made because the ALJ improperly rejected Ward's testimony and failed to consider the side effects of

Plaintiff's medications. The ALJ must conduct a legally acceptable evaluation of Ward's testimony and Plaintiff's credibility and determine whether they affect the findings relating to Plaintiff's residual functional capacity. Accordingly, remand is appropriate. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (remanding case for reconsideration of treating physician's opinion).

For the reasons stated above, the Court finds that the ALJ's decision was not free from legal error. Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings. **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 18, 2005

/s/
MARC L. GOLDMAN
United States Magistrate Judge